1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ANTHONY TURNER,                          CASE NO. CV-F-06-0332 OWW DLB P

12              Plaintiff,             _____ORDER DISMISSING COMPLAINT,
                                             WITH LEAVE TO AMEND
13        vs.

14   HICKMAN, et al.,

15              Defendants.
     _____/

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action

18   pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint in this action on January 13, 2006 in the

19   Sacramento County Superior Court.  On March 23, 2006, defendants Woodford, Yates and Scribner filed

20   a Notice of Removal to this court and a request for screening of the complaint.

21        The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court

23   must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

24   or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

25   from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any

26   filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

27   if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

28   granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

                                              1

1    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which

2  relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the

3  claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),

4  citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners

5  Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

6  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,

7  425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve

8  all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

9  I.    Discussion

10        A.    Plaintiff's Allegations

11    Plaintiff is currently housed at Pleasant Valley State Prison in Coalinga.  It appears from the

12  complaint that the events at issue in the instant action allegedly occurred at the Deuel Vocational

13  Institution ("DVI") at Tracy and Corcoran State Prison ("CSP").  Plaintiff states that he was transferred

14  to DVI on April 28, 2004 and while housed at that facility, was subjected to racial discrimination, denied

15  his constitutional rights, denied meals and denied medical care.  He states that he was transferred to CSP

16  on April 29, 2004, where the "inhumane treatment" continued.  He alleges that upon arrival, his legal

17  documents were "ransacked" and read without his consent.  He further alleges that defendant Torres

18  took his personal property without due process of law.  Plaintiff alleges that when he complained about

19  the confiscation of his property, he was placed in handcuffs which were too tight.  He was then placed

20  in a holding cell with no toilet or water facilities and given a meal with mold on it.  Plaintiff alleges he

21  was then taken to a sally port where he was kept from April 29, 2004 through May 3, 2004.  During this

22  time, plaintiff alleges he was only given one (1) meal a day and deprived of urinal and drinking facilities,

23  showers, linen, clothes, hygiene, towels and medication.  Plaintiff was also forced to sleep on the floor

24  with bedding and no mattress while bugs, vermin and spiders crawled on him.  Plaintiff states that CSP

25  guards and supervisory officials threatened to torture him if he complained about his conditions.

26  Plaintiff also complains that his inmate appeals were not processed and he was retained in punitive

27  segregation based on fabricated weapon possession charges while at CSP.  He also alleges that his mail

28  was kept from him.

1    Within three (3) months, plaintiff was transferred to Pleasant Valley State Prison where his

2    constitutional rights were further violated.  He alleges that he was denied medical care, library access

3    and falsely charged with disciplinary violations.  Plaintiff also alleges he was retaliated against when he

4    complained about his conditions and the violation of his constitutional rights.

5                B.      Rule 8(a) of the Federal Rules of Civil Procedure

6        The court has reviewed plaintiff's complaint and finds that it does not comply with Rule 8 of the

7    Federal Rules of Civil Procedure, which calls for a "short and plain statement of the claim showing that

8    the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and mandates that "[e]ach averment of a pleading

9    shall be simple, concise, and direct."  Fed. R. Civ. P. 8(e)(1).  Plaintiff's complaint is lengthy and

10   difficult to read, due to the plaintiff's small handwriting and the failure of plaintiff to utilize paragraphs

11   and to separate out his claims.  Given that plaintiff is suing numerous defendants, these failures are of

12   no minor consequence.

13       Plaintiff's complaint should be short and to the point, containing only those facts necessary to

14   state one or more claims against each defendant.  Plaintiff complaint should not contain legal arguments,

15   citations to legal authority, or unnecessary background information.  The function of the complaint is

16   to place defendants on notice as to plaintiff's claims.  It is not the function of the complaint to list every

17   single fact relating to plaintiff's claims and it is not the function of the complaint to include all of the

18   evidence in plaintiff's possession that he intends to use to support his claims.   Because plaintiff's

19   complaint is not in compliance with Rule 8(a), the court declines to expend its already taxed resources

20   attempting to sort out plaintiff's claims.  Plaintiff must submit a complaint to the court that meets the

21   requirements of Rule 8.  It is plaintiff's job, not the court's, to state a claim for each defendant.

22       The Court will provide plaintiff the general legal standards applicable to the claims he appears

23   to be making.

24       1.      Supervisory Defendants

25       To the extent plaintiff names supervisory defendants, nnder section 1983, liability may not be

26   imposed on supervisory personnel for the actions of their employees under a theory of respondeat

27   superior.  When the named defendant holds a supervisorial position, the causal link between the

28   defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley,

                                           3

607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

2.    Conditions of Confinement

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.  Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk.  Id. at 844-45.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Id. at

4

1   835; Frost, 152 F.3d at 1128.

2       "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment

3   Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The

4   objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary

5   standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required

6   to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted).

7   With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal

8   offenders pay for their offenses against society, only those deprivations denying the minimal civilized

9   measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."

10  Id. (quotations and citations omitted). "[E]xtreme deprivations are required to make out a conditions-

11  of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotation marks and

12  citations omitted).

13      3.    Medical Care

14      A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment

15  violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's

16  necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v.

17  Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir.

18  2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the

19  official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511

20  U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or

21  intentionally interfere with medical treatment," or in the manner "in which prison physicians provide

22  medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds,

23  WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is

24  alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the

25  prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at

26  1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

27      4.    Deprivation of Property

28      The Due Process Clause protects prisoners from being deprived of property without due process

5

1    of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their

2    personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized,

3    intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer,

4    468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick

5    v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property

6    by a state employee does not constitute a violation of the procedural requirements of the Due Process

7    Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available."

8    Hudson v. Palmer, 468 U.S. 517, 533 (1984).

9         5.    Inmate Appeals

10    "[A prison] grievance procedure is a procedural right only, it does not confer any substantive

11    right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v.

12    DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.

13    2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance

14    procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure

15    confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence,

16    it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the

17    Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp.

18    315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the

19    basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

20         6.    Mail

21    Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d

22    264, 265 (9th Cir. 1995). Prison regulations relating to the regulation of incoming mail are analyzed

23    under the Turner reasonableness standard set forth in Turner v. Safley, 482 U.S. 78, 89-91 (1987).

24    Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). The regulation is valid if it is reasonably related

25    to legitimate penological interests. Turner, 482 U.S. at 89. In determining the reasonableness of the

26    regulation, court must consider the following factors: (1) whether there is a "valid, rational connection

27    between the regulation and the legitimate government interest put forward to justify it," (2) "whether

28    there are alternative means of exercising the right," (3) the impact that the "accommodation of the

6

1   asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready

2   alternatives."  Turner, 482 U.S. at 89-90.

3        The mere fact that prison officials open and conduct a visual inspection of a prisoner's

4   legal correspondence does not state a claim for violation of a prisoner's constitutional rights.  See Wolff

5   v. McDonnell, 418 U.S. 539, 576-77 (1974); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996).

6   Prison officials may, consistent with the First Amendment, open mail from attorneys in the presence of

7   the prisoner for visual inspection.  See Wolff v. McDonnell, 418 U.S. 539, 576-7 (1974); Sherman v.

8   MacDougall, 656 F.2d 527, 528 (9th Cir. 1981).  In Wolff v. McDonnell, the Supreme Court noted that

9   inspecting mail from attorneys in the presence of the inmate did all, and perhaps even more, than the

10  Constitution requires.  Id. at 577.  The issue of whether or not prison officials may also, consistent with

11  the First Amendment, open and visually inspect mail from attorneys outside the presence of the prisoner

12  has not been decided by the Supreme Court or by the Ninth Circuit.  In Wolff v. McDonnell, the legal

13  mail at issue was mail sent to respondent from his own attorney.  Correspondence between an attorney

14  and a client is entitled to special protection under the attorney-client privilege.  "Mail from the courts,

15  as contrasted to mail from a prisoner's lawyer, is not legal mail."  Keenan v. Hall, 83 F.3d 1083, 1094

16  (9th Cir. 1996).  "All correspondence from a court to a litigant is a public document, which prison

17  personnel could if they want inspect in the court's files."  Id. at 1094 (citing to Martin v. Brewer, 830

18  F.2d 76, 78 (7th Cir. 1987)).

19        C.    Conclusion

20        Plaintiff's complaint shall be dismissed for failure to comply with Rule 8.  The court will provide

21  plaintiff with the opportunity to file an amended complaint that complies with Rule 8.  In his amended

22  complaint, as the court makes clear in its form complaint, plaintiff shall state as briefly as possible the

23  facts of his case, describing how each defendant is involved, and plaintiff shall not give any legal

24  arguments or cite to any cases or statutes.  Plaintiff shall separate and label his claims, so that each claim

25  and the involvement of the defendant(s) in each claim are clear.  Further, for each claim, plaintiff shall

26  clearly and succinctly set forth the facts that plaintiff believes give rise to the claim.  Plaintiff must

27  demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

28  rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms

7

how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

        Plaintiff is warned that if his amended complaint fails to comply with this order and Rule 8, it will be stricken from the record.

        Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

        Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint, filed March 27, 2006, is dismissed, with leave to amend;

2.      Within thirty (30) days from the date of service of this order, plaintiff shall file an amended complaint bearing the caption "First Amended Complaint;" and

3.      Plaintiff's failure to file an amended complaint in compliance with this order will result in a recommendation that this action be dismissed.

    IT IS SO ORDERED.

    **Dated:     July 19, 2006**                    _____ **/s/ Dennis L. Beck**_____
3b142a                                                    UNITED STATES MAGISTRATE JUDGE

8